UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRYAN E. MAZZA,<br>  Petitioner,<br>  v.<br>PEOPLE OF CALIFORNIA,<br>  Respondent. | Case No. 16-cv-03052-EMC<br><br>**ORDER OF DISMISSAL** |

## I. INTRODUCTION

Bryan E. Mazza, a prisoner of the State of California, commenced this action by filing a petition for writ of mandate. His petition is now before the court for review pursuant to 28 U.S.C. §1915A.

## II. BACKGROUND

Mr. Mazza challenges one of several criminal proceedings against him. His petition provides the following information. Mr. Mazza was convicted in Napa County Superior Court Case No. CR125195 of being a felon in possession of a handgun and possession of methamphetamines, and was sentenced to life in prison. Docket No. 1 at 3; *see People v. Mazza*, Cal. Ct. App. Case No. A115237, 2007 WL 3317522 (Cal. Ct. App. Nov. 2007) (identifying the sentence as two concurrent terms of 25-years-to-life). Mr. Mazza also was charged in a separate case, Napa County Superior Court Case No. CR125908, with three counts of robbery with firearm use enhancements. *See* Docket No. 1 at 3. At some point, he withdrew his time waiver in Case No. CR125908, and sent in a notice of his imprisonment and desire to be put on trial, *See* Cal. Penal Code § 1381. He was not put on trial and eventually the case was dismissed, perhaps in 2010. *See* Docket No. 1 at 3-4.

Shortly after Case No. CR125908 was dismissed, the charges were refiled as Case No. CR151586. *See* Docket No. 1 at 4. Mr. Mazza filed another notice under California Penal Code § 1381, to get the charges resolved. At some point, he received information that he thought meant that the charges in Case No. CR151586 had been dismissed. Thereafter, on an unstated date, he was transferred from a California prison to the Napa County Jail and learned that Case No. CR151586 was still pending.[1] *See* Docket No. 1 at 4-5. One of the attachments to his petition indicates that a jury trial was set to begin on June 20, 2016. *See* Docket No. 1 at 19 (response to question 17).

Mr. Mazza's petition for writ of mandate contends that the lengthy delay in resolving the robbery charges in CR151586 violates his rights under the Fifth, Sixth and Fourteenth Amendments of the U.S. Constitution and several state law provisions. The petition does not contain a prayer for relief but apparently seeks a trial or dismissal of the criminal charges in Napa County Superior Court Case No. CR151586.

### III. DISCUSSION

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id.* at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir. 1990).

A writ of mandate or mandamus is unavailable for Mr. Mazza's alleged problem. The terms "mandate" and "mandamus" are interchangeable. *See, e.g.,* Cal. Code Civ. Proc. § 1084 ("The writ of mandamus may be denominated a writ of mandate"). California's writ of mandate

---

[1] Mr. Mazza also was convicted in 2009 in Contra Costa County Superior Court Case No. 050615260 of several robberies; his conviction was affirmed on appeal but the case was remanded for further sentencing proceedings. *See People v Mazza*, Cal. Ct. App. Case No. A127113, 2012 WL 5281057 (Cal. Ct. App. 2012). The result of those sentencing proceedings is unknown to this Court.

2

statute, Cal. Code, Civ. Proc. § 1085, is a procedural rule which a number of courts have held do not apply to a federal court. *See Hill v. Cnty. of Sacramento*, 466 F. App'x 577, 579 (9th Cir. 2012) ("The district court also correctly rejected Hill's claim for a writ of mandate under Cal. Civ. Proc. Code § 1085 to compel the defendants to comply with federal regulations. . . . Cal. Civ. Proc. Code § 1085 authorizes only state courts to issue writs of mandate."); *San Francisco Apartment Ass'n v. City & Cnty. of San Francisco*, 142 F. Supp. 3d 910, 917 n.2 (N.D. Cal. 2015) ("§ 1085 is a 'procedural mechanism,' not a substantive claim. (Citation omitted.)  Moreover it does not apply in federal court").  *Cf. Pacific Bell Tel. Co. v. City of Walnut Creek,* 428 F. Supp. 2d 1037 (N.D. Cal. 2006) (the "claim for a writ of mandate is a state law claim.  Although the asserted bases for issuance of such writ are the City's alleged violations of both federal and state law, the claim remains a state law claim" over which the court refused to exercise supplemental jurisdiction); *Asante v. Calif. Dept. of Health Care Services*, No. 14-3226 EMC, Docket No. 82 (N.D. Ca. 4/12/16) (rejecting claim for retroactive monetary relief under CCP § 1085 without addressing issue whether federal court can entertain claim under CCP § 1085).

Mr. Mazza also is not entitled to relief under the federal mandamus statute because that statute reaches only *federal* officers and employees, not *state* officers and employees. *See* 28 U.S.C. § 1361 ("The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff.")  A petition for a writ of mandamus "to compel a state court or official to take or refrain from some action is frivolous as a matter of law." *Demos v. U.S. District Court,* 925 F.2d 1160, 1161-62 (9th Cir. 1991) (imposing no filing in forma pauperis order); *Newton v. Poindexter*, 578 F. Supp. 277, 279 (C.D. Cal. 1984) (§ 1361 has no application to state officers or employees). Mr. Mazza cannot obtain a federal writ of mandamus compelling the Napa County Superior Court or the Napa County District Attorney to take action or refrain from taking action.

The Court will not construe Mr. Mazza's petition for writ of mandate to be a petition for writ of habeas corpus because he specifically chose to file the former rather than the latter.  Mr. Mazza redacted the words "habeas corpus" and inserted the word "mandate" on the first page of

3

the form petition to make it a "petition for writ of mandate." Docket No. 1 at 1. Mr. Mazza is the master of his pleading and the Court will respect his choice. *See generally Bogovich v. Sandoval*, 189 F.3d 999, 1001 (9th Cir. 1999) ("Although courts must construe *pro se* complaints liberally, . . . courts should not undertake to infer in one cause of action when a complaint clearly states a claim under a different cause of action. "'[T]he party who brings a suit is master to decide what law he will rely upon.'") Moreover, pretrial habeas petitions have procedural concerns Mr. Mazza may have been trying to avoid by filing a petition for writ of mandate. Principles of comity and federalism require that a federal court abstain and not entertain a pre-sentence habeas challenge unless the petitioner shows that: (1) he has exhausted available state judicial remedies, and (2) "special circumstances" warrant federal intervention. *Carden v. Montana*, 626 F.2d 82, 83-84 (9th Cir. 1980); *see Hartley v. Neely*, 701 F.2d 780, 781 (9th Cir. 1983) (pretrial petition raising colorable claim of double jeopardy could be considered after petitioner exhausted state court remedies); *see generally Younger v. Harris*, 401 U.S. 37, 43-54 (1971) (under principles of comity and federalism, a federal court should not interfere with ongoing state criminal proceedings by granting injunctive or declaratory relief absent extraordinary circumstances); *Brown v. Ahern*, 676 F.3d 899, 903 (9th Cir. 2012) (federal court must abstain from exercising jurisdiction over a habeas petition raising a speedy trial claim; "[t]he only exceptions are 'cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction,' or 'in other extraordinary circumstances where irreparable injury can be shown'").

## IV. CONCLUSION

The petition for writ of mandate is **DISMISSED**. This dismissal is without prejudice to Mr. Mazza filing a petition for writ of habeas corpus. If Mr. Mazza wishes to file a pretrial petition for writ of habeas corpus, he may file a new action and at that time should attempt to make the showing required by *Carden v. Montana*, 626 F.2d at 83-84. He also may choose to wait

///

///

///

///

to see if he is convicted before filing a federal petition for writ of habeas corpus; a post-conviction federal petition for writ of habeas corpus should only be filed after the conviction becomes final and state court remedies are exhausted for each claim presented in his federal petition for writ of habeas corpus.

**IT IS SO ORDERED**.

Dated: October 27, 2016

_____
EDWARD M. CHEN
United States District Judge